The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RANGEL RAMIREZ-MANZANO, <br><br> Defendant. | NO. CR22-0161-RSL <br><br> **PROTECTIVE ORDER** |

This matter, having come to the Court's attention on the government's motion for entry of a discovery protective order, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. **Protected and Sensitive Material.**

   A.  *Protected Material.*  The following documents and materials are deemed Protected Material:

       i.  Grand Jury transcripts and exhibits;

       ii.  Witness statements, including but not limited to reports of law enforcement officers memorializing witness statements; and

       iii.  The personal information related to victims and/or witnesses, and any statements and/or documents containing personal information related to any victims and/or witnesses. As used in this Order, the term "personal information" refers to

PROTECTIVE ORDER - 1
UNITED STATES v. RAMIREZ-MANZANO/CR22-161 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 each victim and/or witnesses' date of birth, Social Security number (or other
2 identification information), driver's license number, address, telephone number, location
3 of residence or employment, school records, juvenile criminal records, financial records,
4 and other confidential information. In addition, with respect to any victims in this case,
5 the term "personal information" also includes the name and identity of each victim.

6 The United States will make available copies of the Protected Materials, including
7 those filed under seal, to defense counsel to comply with the government's discovery
8 obligations. Possession of copies of the Protected Materials is limited to defense counsel,
9 investigators, paralegals, law clerks, experts and assistants for defense counsel
10 (hereinafter collectively referred to as "members of the defense team"):

11 The members of the defense team may share and review the Protected Material
12 with the Defendant. The attorneys of record and members of the defense team
13 acknowledge that providing copies of the Protected Material to the Defendant and other
14 persons is prohibited, and agree not to duplicate or provide copies of the Protected
15 Material to the Defendant and other persons. The exception to this prohibition is the
16 dissemination of electronic copies to the Federal Detention Center at SeaTac,
17 Washington, for use in a controlled environment by Defendant, who is currently in
18 custody there.

19     B. *Sensitive Material.* The following documents and materials are
20 deemed Sensitive Material:

21         i. Medical records related to victims and/or witnesses;
22         ii. Sexually suggestive photographs of victims and/or witnesses;
23 and
24         iii. Records containing personal information, including financial
25 or credit card information, dates of birth, and Social Security Information, that are too
26 voluminous to redact.

27 Possession of Sensitive Material is limited to defense counsel and members of the
28 defense team. Defense counsel and members of the defense team may not share or

PROTECTIVE ORDER - 2
UNITED STATES v. RAMIREZ-MANZANO/CR22-161 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

review the documents containing Sensitive Material, or any copies of any documents containing Sensitive Material, in any manner with any other person, including Defendant. This order, however, does not prohibit defense counsel and members of the defense team from discussing the contents of documents constituting Sensitive Material with Defendant, as long as defense counsel and members of the defense team do not share the documents or copies of the documents with Defendant or any other person. Defense counsel and members of the defense team shall keep any documents containing Sensitive Material secured whenever the documents containing Sensitive Material is not being used in furtherance of their work in the above captioned case.

Additional discovery items may be deemed by the parties to constitute Protective or Sensitive Material upon agreement.

Any violation of these prohibitions constitutes a violation of the Protective Order. Further, defense counsel are required, prior to disseminating any copies of the Protected or Sensitive Materials to members of the defense team, to provide a copy of this Protective Order to members of the defense team, and obtain written consent by members of the defense team of their acknowledgment to be bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

Nothing in this order should be construed as imposing any discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure.

**2.     Filing**

Any Protected or Sensitive Material that is filed with the Court in connection with pre-trial motions, trial, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all

PROTECTIVE ORDER - 3
UNITED STATES v. RAMIREZ-MANZANO/CR22-161 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

### 3. Nontermination

The provisions of this Order shall not terminate at the conclusion of this prosecution.

### 4. Violation of Any Terms of this Order

Any violation of any term or condition of this Order by the Defendant, his attorneys of record, or any member of the defense team, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the defendant's violation.

### 5. Right to Review

The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government.   The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court.

//
//

PROTECTIVE ORDER - 4
UNITED STATES v. RAMIREZ-MANZANO/CR22-161 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    The Clerk of the Court is directed to provide a filed copy of this Protective Order to all counsel of record.

    DATED this 18th day of October, 2022.

*/s/ Robert S. Lasnik*
THE HONORABLE ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Presented by:

s/ *Catherine L. Crisham*
CATHERINE L. CRISHAM
Assistant United States Attorney

PROTECTIVE ORDER - 5
UNITED STATES v. RAMIREZ-MANZANO/CR22-161 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970