UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANGEL RAMIREZ-MANZANO,<br><br>Defendant. | Case No. CR22-161-RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RELEASE ON BOND |

This matter comes before the Court on defendant's "Motion to Reopen Detention Hearing and for Release on Bond." Dkt. #71. The Court has considered the pleadings filed in support of and in opposition to the motion, including the parties' supplemental expert materials, and it hereby denies the motion for the reasons stated herein.

## I.    BACKGROUND

Mr. Ramirez-Manzano was charged by complaint on September 7, 2022. Dkt. #1. The Government moved to detain Mr. Ramirez-Manzano, Dkt. #8, and a detention hearing was held before Magistrate Judge S. Kate Vaughan on September 12, 2022. Dkt. #14. Magistrate Judge Vaughan ordered the detention of Mr. Ramirez-Manzano pending trial. Dkt. #14.

On September 28, 2022, the grand jury returned an indictment charging Mr. Ramirez-Manzano with one count of transporting an alien for financial gain, one count of harboring an alien for financial gain, and one count of bringing an alien to the United States for financial

ORDER DENYING MOTION TO
REOPEN DETENTION HEARING AND
RELEASE ON BOND - 1

gain. Dkt. #21. On February 15, 2023, the grand jury returned a superseding indictment charging Mr. Ramirez-Manzano with one count of forced labor with an allegation of sexual abuse. Dkt. #48.

Mr. Ramirez-Manzano moved to reopen the detention hearing and release him on bond. Dkt #71. This Court held a hearing on the motion on October 26, 2023 and requested supplemental expert materials regarding Mr. Ramirez-Manzano's health condition and standard of care at the Federal Detention Center ("FDC") before taking the matter under advisement. Dkt. #79. Both parties submitted their expert materials. *See* Dkt. #84; Dkt. #87.

## II.   DISCUSSION

Mr. Ramirez-Manzano argues that he should be released because the FDC is unable to provide him with adequate medical care to manage his diabetes. Dkt. #71 at 4. The Bail Reform Act "mandates the release of a person pending trial unless the court 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Hir*, 517 F.3d 1081, 1086-1087 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(e)). In evaluating whether detention is appropriate, courts may consider several factors, including but not limited to, "the nature and circumstances of the offense charged, including whether the offense is a crime of violence" and the defendant's "character, physical and mental condition." 18 U.S.C. § 3142(g). To the extent this Court considers the defendant's physical condition, it must consider whether the condition is an emergency or whether the condition would "necessarily inhibit flight." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

Where, as here, there is "probable cause to believe that the person committed . . . an offense under chapter 77 of [Title 18] for which a maximum term of imprisonment of 20 years or more is prescribed," the statute imposes a rebuttable presumption of detention. 18 U.S.C. § 3142(e)(2); *see* 18 U.S.C. § 1589(d) (forced labor, a violation under chapter 77, is punishable with imprisonment for up to 20 years). The presumption is not defeated by any presentation of evidence in favor of release; instead, courts consider the evidence in light of other factors like

ORDER DENYING MOTION TO
REOPEN DETENTION HEARING AND
RELEASE ON BOND - 2

the nature of the crime, seriousness of the offense, defendant's criminal history, and danger to the community. 18 U.S.C. § 3142(g).

Mr. Ramirez-Manzano's contention that the FDC failed to provide him adequate care for his diabetes is insufficient to defeat the presumption for two reasons. First, the FDC is adapting Mr. Ramirez-Manzano's treatment plan to address symptoms caused by his diabetes, including his diabetic retinopathy. Mr. Ramirez-Manzano is transitioning from using sliding scale insulin to a once-daily injection for long-acting insulin. He was also prescribed additional medication to supplement his injection regimen and was provided with a "glucometer" to self-monitor his blood sugar. Mr. Ramirez-Manzano is also in the care of an optometrist who is addressing his vision complaints and is scheduled to follow up with Mr. Ramirez-Manzano to ensure that his condition improves. Mr. Ramirez-Manzano's condition and blood glucose levels appear to have been steadily improving since his admittance in 2022, which indicates the effectiveness and improvement of care provided by the FDC.

Second, the defendant's history makes clear that he remains both a danger to the community and a flight risk. Defendant has a significant criminal history including multiple failures to appear, failure to comply, failure to respond, refusal to cooperate, harassing communication, first degree custodial interference, providing false information to an officer, reckless endangerment, and resisting arrest. He also has a conviction for fourth degree assault, domestic violence, and an arrest in 2019 for violent conduct. Defendant has a history of violent conduct and at times has shown a contempt for law enforcement.

Accordingly, the defendant's "Motion to Reopen Detention Hearing and for Release on Bond" is DENIED, and the defendant shall continue his in-custody status pending trial.

DATED this 14th day of December, 2023.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
REOPEN DETENTION HEARING AND
RELEASE ON BOND - 3