UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANGEL RAMIREZ-MANZANO,<br><br>Defendant. | Case No. CR22-161-RSL<br><br>ORDER DENYING MOTION TO COMPEL |

This matter comes before the Court on defendant's "Motion to Compel Transfer for Timely Restoration or Release from Custody." Dkt. # 129. Having considered the motion, the Government's response (Dkt. # 130), defendant's reply (Dkt. # 131), and the record contained herein, the Court finds oral argument unnecessary and DENIES the motion.

**I.     Background**

Defendant was charged by complaint on September 7, 2022. Dkt. # 1. The Government moved to detain defendant (Dkt. # 8), and a detention hearing was held before Magistrate Judge S. Kate Vaughan on September 12, 2022. Dkt. # 13. Magistrate Judge Vaughan ordered defendant to be detained pending trial. Dkt. # 14.

ORDER DENYING MOTION
TO COMPEL - 1

On September 28, 2022, the grand jury returned an indictment charging defendant with one count of transporting an alien for financial gain, one count of harboring an alien for financial gain, and one count of bringing an alien to the United States for financial gain. Dkt. # 21. On February 15, 2023, the grand jury returned a superseding indictment charging defendant with an additional count of forced labor with an allegation of sexual abuse. Dkt. # 48.

On December 14, 2023, this Court denied defendant's motion for release on bond pending trial. Dkt. # 92. After a competency hearing held at the request of defendant on December 5, 2024, this Court found defendant mentally incompetent and committed him to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), for evaluation and, if appropriate, competency restoration. Dkts. # 115, 127, 128.

Pleadings from defendant and the Government state that defendant has not yet been transferred to a Bureau of Prisons (BOP) facility for competency restoration. Dkts. # 129 at 2, 130 at 2. However, the Government attests that defendant is currently scheduled for admission to FMC Devens in Massachusetts at "some time during the week of March 24, 2025." Dkt. # 130-1, ¶ 8. If admission at FMC Devens occurs as presently scheduled, defendant will have waited approximately three and a half months from the Court's December 5, 2024 competency restoration order to the date of his admission at FMC Devens for competency restoration. *Id*. Because transportation via the United State Marshals Service Justice Prisoner and Alien Transport System (JPATS) for competency restoration normally takes 30 to 45 days, defendant likely has already departed FDC SeaTac for FMC Devens or will be departing shortly. *Id*. at

ORDER DENYING MOTION
TO COMPEL - 2

¶¶ 3, 7 (the Government stating, on January 30, 2025, that defendant would "likely be departing FDC SeaTac within the next 30 days.").

## II.     Discussion

Defendant's commitment for evaluation and, if appropriate, competency restoration was ordered pursuant to 18 U.S.C. § 4241(d). Dkt. # 128. Although the statute does not place a specific limit on the amount of time a defendant may be made to wait for admission for competency restoration, the Ninth Circuit has held that the wait for admission "cannot exceed four months." *United States v. Donnelly*, 41 F.4th 1102, 1106-7 (9th Cir. 2022). That does not mean defendants can be made to wait four months as a matter of course. *Id.* Rather, "the duration of the pre-hospitalization commitment period must be limited" to the amount of time that is "reasonably required" for the Attorney General to "identify a suitable facility and arrange for the defendant's transportation to that facility." *Id*.

Here, the Bureau of Prisons (BOP) "designated" defendant to FMC Devens for competency restoration on December 13, 2024. Dkt. # 130-1, ¶ 6. However, "[d]esignation does not mean that a bed is immediately available for the subject." *Id*. at ¶ 3. The BOP has three facilities for inpatient competency restoration, and each "currently has a five to six month waiting list for individuals who have been ordered to undergo competency restoration." *Id*. at ¶ 4. The Government states that defendant "has been moved ahead of the wait list, before other defendants in judicial districts outside of the Ninth Circuit, who were ordered to undergo competency restoration earlier than December 5, 2024, in order to comply with the Ninth Circuit's four month deadline as established in *United States v. Donnelly* . . . ." *Id*. at ¶ 8.

ORDER DENYING MOTION
TO COMPEL - 3

Defendant's anticipated admission date to FMC Devens is now "some time during the week of March 24, 2025." *Id*.

A facility lacking an available bed is, in this Court's view, not a suitable facility for defendant's competency restoration. Therefore, the Court finds it is reasonable for the Attorney General to wait until a bed becomes available at FMC Devens, provided that wait does not exceed the outer limit of four months set by *Donnelly*, 41 F.4th 1102 at 1106-7 (9th Cir. 2022). To comply with *Donnelly*, the BOP has moved defendant ahead in the line of defendants presently awaiting competency restoration. Dkt. # 130-1, ¶ 8. When it comes to arranging for defendant's transportation to FMC Devens, it appears the Government intends to proactively begin defendant's transport well before the week of March 24, 2025, which should allow defendant to arrive at FMC Devens at a time that coincides with his currently scheduled admission period. *Id*. at ¶¶ 3, 7. This is also reasonable. Therefore, the Court does not presently see any violations of *Donnelly* in the delay experienced by defendant.

Defendant cites *Donnelly* and two earlier Ninth Circuit decisions for the proposition that this Court should order the BOP to transfer defendant to a competency restoration facility within seven days. Dkts. # 129, 131. In *Donnelly*, the Ninth Circuit only ordered hospitalization within seven days after finding that Donnelly had been "held in the pre-hospitalization custody of the Attorney General for more than eight months—twice as long as the maximum period Congress authorized for the entire length of a defendant's hospitalization." 41 F.4th 1102 at 1106 (9th Cir. 2022). That is not the case here. In addition, the two earlier Ninth Circuit decisions cited by defendant both involved group claims against states where state officials conceded Due Process

ORDER DENYING MOTION
TO COMPEL - 4

violations had occurred. Dkt. # 130 at 6; *Trueblood et. al. v. Washington State Dep't of Soc. & Health Servs.*, 822 F.3d 1037 (9th Cir. 2016); *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101 (9th Cir. 2016). That is not the situation here. In this matter, pursuant to a federal statute, 18 U.S.C. § 4241(d), defendant has been committed to the custody of the Attorney General for evaluation and, if appropriate, competency restoration. Dkt. # 128. As noted in *Donnelly*, the Ninth Circuit has twice upheld § 4241(d) against Due Process challenges. 41 F.4th 1102 at n.1 (9th Cir. 2022) (citing *United States v. Quintero*, 995 F.3d 1044, 1053 (9th Cir. 2021) and *United States v. Strong*, 489 F.3d 1055, 1061-62 (9th Cir. 2007)). Therefore, so long as the Attorney General's actions continue to comply with the reasonableness requirements outlined in *Donnelly*, which themselves are rooted in the requirements of Due Process, there is, under *Donnelly*, no Due Process violation here. 41 F.4th 1102 at 1105-6 (9th Cir. 2022).[1]

### III.   Conclusion

For all the foregoing reasons, defendant's "Motion to Compel Transfer for Timely Restoration or Release from Custody" (Dkt. # 129) is DENIED without prejudice to refiling the motion if the Government does not follow through on its stated plans to comply with *United States v. Donnelly*, 41 F.4th 1102 (9th Cir. 2022).

IT IS SO ORDERED.

---

[1] As to defendant's argument that "the law requires" reconsideration of defendant's current detention in light of his incompetency and the delay in his commitment (Dkt. # 131 at 5), see 18 U.S.C. § 3161(h), the reference to which defendant omits in his citation to 18 U.S.C. § 3164.

ORDER DENYING MOTION
TO COMPEL - 5

DATED this 3rd day of March, 2025.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO COMPEL - 6